J-S05010-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEVON A. EVERETT, | : | |
| | : | |
| Appellant | : | No. 35 WDA 2014 |

Appeal from the PCRA Order December 4, 2013,
Court of Common Pleas, Allegheny County,
Criminal Division at No(s): CP-02-CR-0012952-2006
and CP-02-CR-0015751-2006

BEFORE:  DONOHUE, SHOGAN and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:  **FILED FEBRUARY 10, 2015**

Jevon A. Everett ("Everett") appeals from the order entered on December 4, 2013 by the Court of Common Pleas of Allegheny County, Criminal Division, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows. On August 29, 2008, a jury found Everett guilty of, inter alia, murder of the first degree[1] in the death of Michael Armbruster ("Armbruster").  On December 11, 2008, the trial court sentenced to Everett to life imprisonment without the possibility of parole.  This Court affirmed Everett's judgment of sentence in an unpublished memorandum dated March 24, 2011.  ***See Commonwealth v. Everett***, 977 WDA 2009 (Pa. Super. March 24, 2011)

---

[1]  18 Pa.C.S.A. § 2502(a).

(unpublished memorandum). The Supreme Court of Pennsylvania denied Everett's petition for allowance of appeal on October 31, 2011.

On January 3, 2012, Everett filed a pro se PCRA petition alleging, inter alia, various violations of his constitutional rights and ineffective assistance of counsel claims. On May 29, 2012, the PCRA court appointed counsel ("PCRA Counsel") to represent Everett throughout his PCRA proceedings. On November 8, 2013, PCRA Counsel filed a motion to withdraw as counsel and a "no-merit" letter, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc), addressing the more than twenty issues Everett sought to raise. On November 14, 2013, the PCRA court filed its notice of intent to dismiss Everett's PCRA petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure and granted PCRA Counsel's petition to withdraw. On December 4, 2013, the PCRA court denied Everett's PCRA petition. On December 16, 2013, Everett filed a timely pro se notice of appeal. On January 24, 2014, the PCRA court appointed counsel ("Appellate Counsel") to represent Everett for this appeal.[2]

On appeal, Everett raises the following issue for our review and determination: "Did the [PCRA court] error in dismissing [Everett]'s [PCRA petition], without an evidentiary hearing pursuant to the [m]otion to

---

[2] The PCRA court did not order Everett to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.

[w]ithdraw as [c]ounsel [p]ursuant to **Commonwealth v. Turner** filed by PCRA Counsel?" Everett's Brief at 4. Everett argues that the PCRA court erred in dismissing his PCRA petition because his trial counsel was ineffective for failing to request a voir dire of the jury or a mistrial following a "potentially prejudicial encounter between the jury and juvenile family members of the victim." *Id.* at 9. Specifically, Everett claims that the following transpired during his trial:

> On or about August 28, 2008, during [Everett]'s … trial on this matter, an event occurred which potentially biased the jury against [Everett]. On that day, a large number of Caucasian children were brought into the [courtroom]. They were in the gallery immediately behind [Everett]'s counsel table. These children were apparently the family and close friends of the deceased victim in this case. These children were standing there, looking at the man that they had been told had killed their uncle and family friend. Before they were sent out of the room, the jury began coming in. The jury likely saw this display.

*Id.* at 11.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.* "Further, we afford great deference to the factual findings of the PCRA court

and will not disturb those findings unless they have no support in the record." ***Commonwealth v. Stewart***, 84 A.3d 701, 706 (Pa. Super. 2013) (quotations omitted), *appeal denied*, 93 A.3d 463 (Pa. 2014). Likewise, "the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010).

We conclude that Everett has waived the sole issue that he raises on appeal. "It is well-settled that 'issues not raised in a PCRA petition cannot be considered on appeal.'" ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011) (quoting ***Commonwealth v. Lauro***, 819 A.2d 100, 104 (Pa. Super. 2003)). In his PCRA petition, Everett framed the issue relating to the children of the victim's family and friends as a due process claim, not as an ineffective assistance of counsel claim. ***See*** PCRA Petition, 1/3/13, at 75. Specifically, Everett claimed that it was a violation of his due process rights when the district attorney allowed forty to fifty children of the victim's family and friends to enter the courtroom and stand behind him while the jury watched. ***Id.*** However, in his PCRA petition, Everett made no claim that his trial counsel was ineffective for failing to request a voir dire of the jury or a mistrial following this event. ***See id.*** Therefore, because Everett did not raise this issue in his PCRA petition and is now raising it for the first time on appeal, we may not consider the issue. ***See Ousley***, 21 A.3d at 1242.

Even if Everett had properly raised the issue, he still would not be entitled to any relief. In reviewing an allegation of ineffective assistance of counsel, we begin with the assumption that counsel was effective. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). Our Supreme Court has stated that in order "[t]o merit relief based on an ineffectiveness claim under the PCRA, a petitioner must show that such ineffectiveness 'in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" *Commonwealth v. Collins*, 957 A.2d 237, 244 (Pa. 2008) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)). This standard requires "a petitioner to prove that: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice." *Id.* To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012). The failure by the petitioner "to satisfy any one of the three prongs of the test for ineffectiveness requires rejection of the claim." *Collins*, 957 A.2d at 244.

Here, Everett has failed to prove that his claim is of arguable merit. There is no indication in the trial transcripts that the event relating to children of the victim's family and friends actually took place. *See* Everett's

Brief at 11 n.5. "It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case." *Commonwealth v. Martz*, 926 A.2d 514, 524 (Pa. Super. 2007). Thus, not only can we not say that this event actually took place, but even if it did, we do not know how long the children and the jury were in the courtroom at the same time. As Appellate Counsel points out, we cannot say exactly what the jury observed. *See* Everett's Brief at 11 n.6. Therefore, it is likewise not possible for us to determine whether this event caused Everett any prejudice.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015

- 6 -